UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES ALAN SOUTH,              )<br>  Plaintiff,                          )<br>                                         ) | Civil Action No. 3:11-cv-00827 |
| v.                                         ) | Judge Nixon/Brown |
|                                         )<br>MICHAEL ASTRUE,                 )<br>Commissioner of Social Security, )<br>  Defendant.                       ) | |

To:  The Honorable John T. Nixon, Senior Judge

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Disability Insurance Benefits (DIB), as provided under Title II of the Social Security Act (the "Act"), as amended. Currently pending before the Magistrate Judge is the Commissioner's Motion to Dismiss and accompanying Memorandum. (Docket Entries 19, 20). Plaintiff has filed a Response. (Docket Entry 21). The Magistrate Judge has also reviewed the Administrative Record ("Tr."). (Docket Entry 20-1). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** the Commissioner's Motion be **GRANTED** and this case be **DISMISSED**.

## I. INTRODUCTION

The procedural history of this case is unusual. Plaintiff received a fully favorable decision on January 24, 2008. (Tr. 6-14). On March 26, 2008, Plaintiff requested the Appeals Council set aside that decision. (Tr. 168). After the Appeals Council denied Plaintiff's request, Plaintiff filed an appeal with the United States District Court for the Middle District of Tennessee, Case No. 3:09-cv-0019. On the Commissioner's unopposed Motion, the case was remanded to the

1

Commissioner pursuant to Sentence Four, 42 U.S.C. § 405(g). On April 2, 2010, a second ALJ issued an unfavorable decision, finding Plaintiff not disabled. (Tr. 149-57). Plaintiff appealed this decision to the Appeals Council, because he "took issue with selected facts and findings in the Administrative Law Judge's written decision" but "did not disagree with the Administrative Law Judge's ultimate decision" that he was not disabled. (Tr. 143). On June 29, 2011, the Appeals Council found that, because "the changes in these portions of the decision will not affect the outcome of the decision," the Appeals Council could not assume jurisdiction. (Tr. 143-45). On August 30, 2011, Plaintiff filed this action. (Docket Entry 1).

The Commissioner filed the pending Motion to Dismiss on January 20, 2012, with an accompanying Memorandum. (Docket Entries 19, 20). Plaintiff has filed a Response. (Docket Entry 21).

## II. MOTION TO DISMISS

The Commissioner has moved to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Specifically, the Commissioner argues that Plaintiff has not met the "case or controversy" requirement of Article III of the Constitution, as he does not challenge the ALJ's decision on his disability status. Federal courts do not enter advisory opinions, and "are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). *See also Lewis v. Continental Bank Corp.*, 494 U.S. 474, 477 (1990); *DeFunis v. Odesgaard*, 312, 316 (1974). To determine whether a claim is moot, the test "is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Mich. High School Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997). Plaintiff does not dispute that he does not meet the eligibility

requirements for DIB; rather, his dispute is that the ALJ made inaccurate and "serious misstatements" in her decision, which "would seem to mean the plaintiff is not disabled at all." (Docket Entry 21). While Plaintiff contends the ALJ's findings of fact may jeopardize his eligibility with his disability insurance carrier, that injury is speculative and is not reviewable under the Social Security Act, 42 U.S.C § 405(g). Plaintiff does not currently have a cause of action that can be decided by this court. Therefore, the Magistrate Judge believes his claim must be dismissed.

The Magistrate Judge is also mindful that judicial review of the ALJ's decision under the Social Security Act is limited. The court may not substitute its own findings for those of the ALJ and must only review the facts to "determine if substantial evidence supports the decision of the Secretary." *Johnson v. Secretary of H.H.S.*, 948 F.2d 989, 991 (1991). *See also YHA, Inc. v. N.L.R.B.*, 2 F.3d 168, 172 (1993). While the undersigned believes Plaintiff has not alleged a case or controversy cognizable before this court, it is also clear that the ALJ's decision was supported by substantial evidence. For example, Plaintiff testified that he could work full-time if he had to. (Tr. 189). Given the limited scope of review of the ALJ'S factual findings, the Magistrate Judge will not rewrite the ALJ's opinion as Plaintiff requests. An ALJ decision that is supported by substantial evidence "must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Tyra v. Secretary of H.H.S.*, 896 F.2d 1024, 1028 (1990). Therefore, the Magistrate Judge believes Plaintiff's complaint should be dismissed.

## IV. RECOMMENDATION

In light of the foregoing, the Magistrate Judge **RECOMMENDS** that the Commissioner's Motion be **GRANTED** and this action be **DISMISSED**.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 29th day of February, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

4