IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES ALAN SOUTH, )
)
   Plaintiff, )
)
)   No. 3:11-cv-00827
v. )   Judge Nixon
)   Magistrate Judge Brown
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
   Defendant. )

## ORDER

Pending before the Court is Defendant Commissioner of Social Security's Motion to Dismiss ("Motion") (Doc. No. 19), filed along with a Memorandum in Support (Doc. No. 20). Plaintiff James Alan South, proceeding *pro se*, has filed a Response in Opposition. (Doc. No. 21.) Magistrate Judge Brown subsequently issued a Report and Recommendation ("Report") (Doc. No. 22), recommending that Defendant's Motion be granted and this case be dismissed (*id.* at 3). Plaintiff has filed an Objection to the Report. (Doc. No. 25.) Defendant has not filed a Response to Plaintiff's Objection.

Upon review of the Report, and for the reasons stated below, the Court **ADOPTS** the Report in its entirety and **GRANTS** Defendant's Motion.

I.   BACKGROUND

Plaintiff initially applied for disability insurance benefits on March 21, 2006, alleging an onset date of January 27, 2006. (Tr. 17.)[1] Based solely on the record, the Social Security Administration ("SSA") found that Plaintiff was disabled and granted Plaintiff a fully favorable decision on January 24, 2008. (*Id.* at 13-21.) Because the decision was fully favorable, Plaintiff

---

[1] An electronic copy of the administrative record is docketed in this case at Doc. No. 20-1.

1

did not receive an in-person, oral hearing. (*Id.* at 176.) On March 26, 2008, Plaintiff requested that the Appeals Council set aside that decision (*id.*), pointing to alleged "omissions, overstatements, and a significant misstatement" made by his attorney (*id.* at 136). Plaintiff had filed for disability from the SSA as a condition of receiving insurance benefits from his private disability insurance company. (*Id.* at 160.) The disability insurance company assigned an attorney to represent Plaintiff, and Plaintiff alleged that, in filing the request for a fully favorable on the record decision, his assigned attorney "overstated [his] physical symptoms." (*Id.* at 137.) Plaintiff's request to set aside the decision was denied on October 21, 2008. (*Id.* at 176.) Plaintiff then filed an appeal in the United States District Court for the Middle District of Tennessee, Case Number 3:09-cv-0019. After the district court granted the Commissioner's unopposed motion to remand the case so as to provide Plaintiff with an in-person, oral hearing for his claim (*id.* at 172), the case was remanded to the Commissioner of Social Security (*id.* at 166-67).

A hearing at which Plaintiff testified was held on March 24, 2010. (*Id.* at 187.) The hearing resulted in an unfavorable decision, which was issued on April 2, 2010. (*Id.* at 157-65.) Plaintiff was found "not disabled" within the meaning of the Social Security Act and Regulations. (*Id.* at 165.) In the Findings of Fact and Conclusions of Law ("Findings"), the Administrative Law Judge ("ALJ") noted that Plaintiff stated he could "work eight hours a day, five days a week," and "had renovated three houses." (*Id.* at 164.)

Plaintiff subsequently appealed the ALJ's decision to the Appeals Council on May 1, 2010. (*Id.* at 154-56.) In his request for review, Plaintiff stated that he "agree[d] with the judge's unfavorable ruling" regarding his disability status. (*Id.* at 154.) However, Plaintiff requested reconsideration of the ALJ's Findings, believing that the Findings overstated his

2

ability to work. (*Id.* at 154-56.) Plaintiff specifically alleged that the Findings did not reflect his testimony in its entirety, and he requested that the Findings be reconsidered. (*Id.*) For example, Plaintiff argued that the Findings should convey that he could not work a five-day work week without exhaustion. (*Id.* at 154.) Plaintiff also claimed that the ALJ's reference to Plaintiff's home renovation should be corrected to read that he "made cosmetic changes to one house in 2006, preparing it for sale." (*Id.* at 156.) The Appeals Council found it could not assume jurisdiction over the appeal because "the changes in these portions of the decision will not affect the outcome of the decision." (*Id.* at 151.) Plaintiff then filed the instant action on August 30, 2011, under 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision. (Doc. No. 1.)

Defendant filed a Motion to Dismiss (Doc. No. 19), with an accompanying memorandum (Doc. No. 20), on January 20, 2012, to which Plaintiff filed a Response on February 6, 2012 (Doc. No. 21). On February 29, 2012, the Magistrate Judge filed his Report, which recommended that Defendant's Motion be granted and the action be dismissed. (Doc. No. 22 at 3.)

Plaintiff filed his Objections to the Report on March 12, 2012. (Doc. No. 25.) The Court understands Plaintiff to object to the Magistrate's recommended findings that (1) Plaintiff does not have a cause of action that can be decided by this court, and (2) the ALJ's decision was supported by substantial evidence. (*Id.* at 6.)

## II. STANDARD OF REVIEW

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and

3

recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition." *Id.* Where a party submits timely objections to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b)(3).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

Having examined Plaintiff's Objection to the Magistrate Judge's Report, the Court understands Plaintiff to raise an objection to the Magistrate Judge's recommended finding that the claim must be dismissed because Plaintiff does not have a cause of action that can be decided by this court. (Doc. No. 25 at 7.)

To obtain judicial review, an action must meet the case or controversy requirement of Article III of the U.S. Constitution. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them," and cannot issue advisory opinions. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *see also Mosley v. Hairston*, 920 F.2d 409, 414 (6th Cir. 1990). If a case is moot, it must be dismissed for lack of subject matter jurisdiction. *See Rice*, 404 U.S. at 246. Whether a case is moot depends on whether the relief sought would, if granted, make a difference to the legal interests of the parties. *McPherson v. Mich. High School Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997). The plaintiff bears the ultimate burden of establishing subject matter jurisdiction to survive a Rule 12(b)(1) motion. *Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011).

Furthermore, the Social Security Act authorizes judicial review of a final decision by the Commissioner of Social Security. 42 U.S.C. § 405(g) (2006). This section grants an individual

4

Case 3:11-cv-00827  Document 26  Filed 06/15/12  Page 4 of 7 PageID #: 282

the right, after any final decision of the Social Security Commissioner, to obtain review of such decision by civil action. *Id.* "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

Here, Plaintiff does not challenge or seek review of the ALJ's final decision regarding Plaintiff's disability status. Instead, he asks that the "serious misstatements" in the ALJ's decision be corrected. (Doc. No. 21 at 1.) In finding it lacked jurisdiction to review the decision, the Appeals Council noted that such changes would not affect the outcome of the decision. (Tr. 143.) The legal interest implicated by the provision of the Social Security Act authorizing judicial review is not here contested, and as such the relief Plaintiff seeks—the correction of alleged misstatements in the ALJ's decision—would not make a difference to the legal interests of the parties to this case. *See McPherson*, 119 F.3d at 458. Therefore, the Court finds that Plaintiff's claim is moot, and thus, the Court does not have subject matter jurisdiction over it.

Additionally, Defendant contends that in an action seeking payment of SSA benefits, the plaintiff's concession that no payment is owed moots the action. (Doc. No. 20 at 2 (citing *Hunter v. Gardner*, 398 F.2d 827 (3d Cir. 1968)).) In *Hunter*, the plaintiff claimed that her future benefits would be adversely affected by one of the hearing examiner's findings but did not dispute the final decision. 398 F.2d at 828. The court nonetheless found that no claim or controversy existed; because the claimant had not yet attained the age of 60, she was not eligible to receive benefits. *See id.* Plaintiff is correct to assert that *Hunter* is factually distinguishable because the claimant in *Hunter* did not meet the specific statutory age requirement entitling her to receive widow's benefits (Doc. No. 25 at 4 (citing *Hunter*, 398 F.2d at 827)), whereas here

5

Plaintiff was denied benefits because he was found not to be disabled, as defined by the Social Security Act and Regulations (Tr. 157). However, as in *Hunter*, the Plaintiff here does not seek review of the ALJ's final decision denying benefits. Therefore, Plaintiff's claims are moot.

Plaintiff argues that he nonetheless satisfies the U.S. Constitution's case or controversy requirement due to the threat of action by his disability insurance carrier. Plaintiff asserts that because the Findings inaccurately suggest he is minimally disabled or not disabled, he will be disadvantaged in his claim for benefits with his disability insurance carrier. (Doc. No. 25 at 5.) Plaintiff explains that in order to recoup withheld monies from the disability insurance carrier, he will be required to produce and submit the ALJ's Findings to support his claim. (*Id.*) Plaintiff asserts that his insurance carrier "has already appeared to play fast and loose with the facts when [its] economic interests are involved." (Doc. No. 21 at 3.) Specifically, Plaintiff points to the carrier's alleged omission of Plaintiff's relevant employment history when submitting information to the SSA, its overstatement of Plaintiff's health issues in seeking a favorable decision, and its failure to return a phone call to Plaintiff about money owed to him. (Doc. No. 21 at 3; Doc. No. 25 at 5.) However troubling the past actions of the disability insurance carrier, Plaintiff has not produced evidence of imminent loss of benefits from his private carrier if the Findings are not reconsidered. Therefore, Plaintiff's purported disadvantage is merely speculative, and not certain to cause him economic injury. Because federal courts do not issue advisory opinions, or hear causes alleging injuries that are not definite and concrete, this Court will not assume jurisdiction over Plaintiff's claims. *See Rice*, 404 U.S. at 246.

Plaintiff further argues that he has a separate legally cognizable interest that satisfies the case or controversy requirement: he claims that if the action is dismissed, he will lose the court fees he was required to pay in filing the complaint. (Doc. No. 25 at 5.) An otherwise moot case

is not considered a live controversy because of liability for costs. *Wingert v. First Nat'l Bank*, 223 U.S. 670, 672 (1912); *see generally Wetzel v. Ohio*, 371 U.S. 62, 64 (1962); *Heitmuller v. Stokes*, 256 U.S. 359, 362 (1921). Therefore, Plaintiff's economic interest in the cost of filing the complaint does not satisfy the case or controversy requirement of the U.S. Constitution and will not suffice to sustain his action. Under these circumstances, Plaintiff is not entitled to relief in this Court, and his Complaint must be dismissed for lack of subject matter jurisdiction.

The Court understands Plaintiff to have raised a second objection to the Magistrate Judge's recommended finding that the ALJ's decision is supported by substantial evidence. Because the Court does not have jurisdiction over this claim, this Court will not review the findings of the ALJ's decision, and thus will not address Plaintiff's second objection.

IV. CONCLUSION

For the reasons stated above, this Court finds that Magistrate Judge Brown's Report is well-founded and supported by the Record, and therefore **ADOPTS** it in its entirety. Defendant's Motion is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

Entered this the ___19___ day of June, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Case 3:11-cv-00827    Document 26    Filed 06/15/12    Page 7 of 7 PageID #: 285